**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-187-RLV-DCK**

| | |
|---|---|
| JONATHAN C. YOUNCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) and "Defendant's Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be <u>affirmed</u>.

**I.    BACKGROUND**

Plaintiff Jonathan C. Younce ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On May 15, 2009, Plaintiff filed an application for child insurance benefits based on disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.

405 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning September 15, 1996. (Transcript of the Record of Proceedings ("Tr.") 12, 125). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 18, 2009, and again after reconsideration on May 17, 2010. (Tr. 12, 61, 65, 71, 75). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that his condition is not severe enough to be considered disabling. He is able to think, act in his own interest, communicate, handle his own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that his condition keeps him from doing any of his past jobs, but it does not keep him from doing less demanding work. Based on his age, education, and past work experience, he can do other work. It has been decided, therefore, that he is not disabled according to the Social Security Act.

(Tr. 71).

Plaintiff filed a timely written request for a hearing on July 21, 2010. (Tr. 12, 83-87). On May 19, 2011, Plaintiff appeared and testified at a hearing before Administrative Law Judge Russell R. Sage ("ALJ"). (Tr. 12-21, 26-56). In addition, Carroll H. Crawford, a vocational expert ("VE"), and Michelle Pritchard, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 6, 2011, denying Plaintiff's claim. (Tr. 9-21). Plaintiff filed a request for review of the ALJ's decision on July 31, 2011, which was denied by the Appeals Council on September 28, 2012. (Tr. 1-3, 8). The July 6, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 29, 2012. (Document No. 1). On November 29, 2012, the undersigned was assigned to this case as the referral magistrate judge. Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) and "Plaintiff's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 13) were filed June 13, 2013; and "Defendant's Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 15) were filed July 19, 2013. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 15, 1996, and the date of his decision.[2] (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

>  (1)  whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
>  (2)  whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> > impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 20-21).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since September 15, 1996, his alleged disability onset date. (Tr. 14). At the second step, the ALJ found that learning disability, borderline intellectual functioning, and an anxiety disorder were severe impairments. (Tr. 14).[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to unskilled work, working with things in a non production setting with limited interaction with the public or co-workers.

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

(Tr. 15). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 15-16). The ALJ further opined that

> the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. In summary, the records show that the claimant has a learning disability, a borderline IQ, and an anxiety disorder; however, there is no indication that the claimant would have been disabled as an adult child or under the adult regulations for supplemental security income.

(Tr. 18).

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 19). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included hand packager jobs, produce packer, and industrial cleaning jobs. (Tr. 20, 52-54). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between September 15, 1996, and the date of his decision, July 6, 2011. (Tr. 20-21).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ ignored significant evidence which contradicted his decision; and (2) the ALJ's credibility assessment is not supported by substantial evidence. (Document No. 13, p.1). The undersigned will discuss these contentions in turn.

### A. Consideration Of The Evidence

In his first assignment of error, Plaintiff asserts that the ALJ "completely ignored the multiple psychological examinations and IQ scores obtained in his school records" which show that Plaintiff's IQ "was consistently measured in the mildly mentally retarded range between 58 and 66." (Document No. 13, p.7) (citing Tr. 188, 190). Plaintiff argues that "[t]his error was significant, as these records demonstrate that Mr. Younce meets Listing 12.05C." Id.

Plaintiff acknowledges that the ALJ's decision notes that Plaintiff "achieved a full scale IQ of 75, placing him in the borderline range of intelligence" in July 2009. Id.; see also (Tr. 17) (citing Tr. 307-311). However, Plaintiff contends that the "regulations state that the lowest *valid* IQ scores should be assessed in assessing 12.05C qualification." (Document No. 13, p.7) (citing 20 C.F.R. Pt. 404, Subpt. P, Appendix I § 12.05C) (emphasis added). Plaintiff concludes that the ALJ's failure "to discuss relevant evidence that weighs against his decision," and/or failure to attempt to analyze whether Plaintiff meets a medically relevant listing, constitutes error and requires remand. (Document No. 13, p.9).

In response, Defendant asserts that the ALJ was not required to discuss Listing 12.05C. (Document No. 15, pp.3-5). Defendant contends that an ALJ "must identify and consider a particular listing only where there is 'ample evidence' in the record to support such a determination that a claimant's impairment meets or medically equals that listing." (Document No. 15, p.3) (citing Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). Here, Defendant argues that there was not ample evidence that Plaintiff met or medically equaled Listing 12.05C. (Document No. 15, p.4).

Specifically, and most convincingly, Defendant argues that the IQ scores Plaintiff contends the ALJ was required to consider were no longer *valid*. Id. Defendant contends that

7

the IQ scores in question were obtained before Plaintiff was 16 years old and were thus invalid. Id. (citing Gibson v. Astrue, 2011 WL 6888532, at *2 (W.D.Va. Dec. 29, 2011) (finding IQ scores obtained before claimant was 16 invalid under 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 112.00(D)(10)). Moreover, Defendant argues that Plaintiff's only valid IQ scores -- verbal score of 80, performance score of 73, and full scale score of 75 assessed in July 2009 -- did not satisfy the requirements of Listing § 12.05C. (Document No. 15, p.5).

Based on the foregoing, as well as additional arguments and authority presented by Defendant, the undersigned is persuaded that the ALJ's failure to discuss Plaintiff's earlier IQ scores does not require reversal or remand.

**B.      Credibility Assessment**

Next, Plaintiff challenges the ALJ's assessment of Plaintiff's credibility. (Document No. 13, pp.9-11). Plaintiff notes that the "regulations prohibit ALJs from making conclusory findings on credibility and require their decisions to 'contain specific reasons for the finding on credibility, supported by the evidence in the case.'" Id. (citing SSR 96-7p; 20 C.F.R. § 404.1529).

Plaintiff argues that the ALJ's "reasons for finding Mr. Younce lacking in credibility regarding the severity of his symptoms are not persuasive." (Document No. 13, p.9). Plaintiff concludes that "because the ALJ failed to point to substantial evidence which actually calls into question the veracity of Mr. Younce's testimony, his credibility assessment must be rejected by this Court." (Document No. 13, p.11). The undersigned respectfully disagrees.

Contrary to Plaintiff's assertions, the undersigned is satisfied that the ALJ relied on substantial evidence in determining that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are

inconsistent with the above residual functional capacity assessment." (Tr. 18). As noted by Defendant, the ALJ explained that the evidence in the record, the level of Plaintiff's mental health treatment, and his daily activities were inconsistent with his claims of debilitating mental impairments. Id.

Specifically, the ALJ explained that the report from Plaintiff's transition workshop indicated he had skills that could be employed in the work force. (Tr. 18) (citing Tr. 257-58)("During a workshop in school which provided training for employment skills, the employer who interviewed the claimant stated that he had good reasons for his career choice, knew his strengths and would make an excellent office worker"). The fact that the report indicated that stocking shelves might be a more realistic option than Plaintiff's stated interest in office work or electronics does not undermine the ALJ's reasoning that the report was inconsistent with Plaintiff's claim that his impairments precluded him from performing any substantial gainful activity. See (Tr. 258).

The ALJ also reasoned that the level and duration of Plaintiff's mental health treatment was not consistent with his claims of debilitating anxiety. (Tr. 18). See 20 C.F.R. § 416.929(c)(3)(v); SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996) ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . . .").

> The ALJ specifically opined that "[i]t is interesting that the claimant began attending counseling for his anxiety only a few months before the hearing although he alleged having anxiety in school and when he filled his application in May 2010. Further, the claimant did not report anxiety to his family physician until sometime in 2010.

(Tr. 18).

9

Defendant effectively argues that Plaintiff's GAF score does little to corroborate his claims of disabling mental impairment. (Document No. 15, p.7). Moreover, Defendant also persuasively asserts that the ALJ adequately explained that Plaintiff's activities of daily living were inconsistent with his claims of disabling mental impairment. (Tr. 18). See 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p, 1996 WL 374186, at *6 (describing consistency with daily activities as indicator of credibility of subjective complaints). As the ALJ noted, Plaintiff testified that he could take care of his personal needs, do household chores, watch television, use a computer, and interact socially with his cousin and another friend whom he traveled to Georgia to see for several weeks. Id. (citing Tr. 36-41). Additionally, Defendant notes that Plaintiff's mother stated he took care of his puppy with her assistance and could prepare himself sandwiches and frozen dinners. (Document No. 15, p.7) (citing Tr. 217-19).

Defendant argues that the ALJ reasonably concluded these activities were inconsistent with Plaintiff's alleged inability to perform basic mental tasks. Id. See Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (holding that claimant's daily activities, including attending church, feeding pets, watching television, and visiting relatives were inconsistent with claims of inability to perform basic mental tasks as a result of pain medication); Smith v. Astrue, 2:11cv025-MR-DCK, 2012 WL 3191296, at *14 (W.D.N.C. July 3, 2012) (holding that claimant's daily activities, including performing personal care tasks, caring for pets, preparing simple meals, interacting with family members, and watching television were inconsistent with claims of severe mental limitation), aff'd, 2012 WL 3191072 (W.D.N.C. Aug. 3, 2012).

Based on the foregoing, the undersigned agrees that substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were not completely credible.

10

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 12) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 10, 2014

David C. Keesler
United States Magistrate Judge